OPINION OF THE COURT
Thomas J. Hughes, J.
Motions Nos. 5 and 7 of July 27, 1978 calendar are consolidated for disposition and decided simultaneously.
These are CPLR article 78 proceedings wherein the petitioners seek a judgment directing the Insurance Department to rescind the regulations supplementary to the Comprehensive Automobile Insurance Regulations Act as contained in 11 *703 NYCRR 65.16 and declaring said regulation void; and further declaring section 671 et seq. of the Insurance Law to be unconstitutional insofar as limited by the legislation enacted in 1977 and the regulations purporting to be authorized thereby.
The regulations at issue set limitations upon recoverable attorneys’ fees and read as follows (11 NYCRR 65.16 [c] [7]):
"(7) Limitations on attorney’s fees pursuant to section 675 of the Insurance Law. The following limitations shall apply to the payment by insurers of applicant’s attorney’s fees for services necessarily performed in the resolution of no-fault disputes:
"(i) If an arbitration was initiated or a court action was commenced by an attorney on behalf of an applicant and the claim or portion thereof was not denied or overdue at the time the arbitration proceeding was initiated or the action was commenced, no attorney’s fees shall be granted.
"(ii) The minimum attorney’s fees payable pursuant to this part shall be $35.
"(iii) Disputes subject to A. A. A. expedited arbitrations. Subject to the provisions of subparagraphs (1) and (ii) of this paragraph, an attorney’s fee be limited as follows:
"(a) For preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $35 per hour, subject to a maximum fee of $700; and, in addition,
"(b) an attorney shall be entitled to receive a fee of up to $50 per hour for each personal appearance before the arbitrator or court.
"(iv) Disputes subject to H. S. A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of the paragraph, an attorney’s fee shall be limited as follows: Except as provided in subparagraph (ii) of this paragraph, 20 percent of the amount of first-party benefits plus interest thereon, awarded by the arbitrator(s) or court subject to a maximum fee of $500.
"(v) Disputes subject to A. A. A. arbitrations: Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows:
"(a) For preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $25 per hour, subject to a maximum fee of $250; and, in addition,
*704 "(b) an attorney shall be entitled to receive a fee of up to $40 per hour for each personal appearance before the arbitration forum or court;
"(c) however, except as provided in subparagraph (ii) of this paragraph, in no event shall the attorney’s fee exceed the amount of first-party benefits plus interest thereon awarded to the applicant.
"(vi) Notwithstanding the limitations listed in this paragraph, if the arbitrator(s) or a court determines that the issues in dispute were of such a novel and/or unique nature as to require extraordinary skills or services, the arbitrator^) or court may award attorney’s fee in excess of the limitations set forth above. An excess fee award must describe in detail the specific novel and unique nature of the dispute which justifies the award. An excess award by an arbitrator shall be appealable to a master arbitrator.
"(vii) In addition to the attorney’s fee provided for in this paragraph, the arbitrator(s) or court may include in the award documented actual disbursements, necessarily incurred for the purposes of the arbitration or court proceeding. Actual disbursements shall not include normal overhead incident to the operation of a law office or witness fees, which are only payable pursuant to paragraph (8) of this section. An award of actual disbursements shall not exceed $75 in the aggregate.
"(viii) If a dispute involving an overdue claim is resolved either before arbitration is initiated or before a court action is commenced, the claimant’s attorney shall be entitled to a fee of $35 which shall be full compensation for the attorney’s services with respect to such claim.
"(ix) No attorney shall demand, request or receive any payment of fee in excess of the fees permitted by this paragraph for services rendered with respect to a no-fault dispute.” (Emphasis added.)
These regulations were implemented pursuant to subdivision 1 of section 675 of the Insurance Law which provides: "If a valid claim or portion thereof was overdue and such claim was not paid before an attorney was retained with respect to the overdue claim, the claimant shall also be entitled to recover his attorney’s reasonable fee, which shall be subject to limitations promulgated by the superintendent in regulations.” By the clear language of this statute, the attorneys’ fees to be regulated are those which the claimant shall be "entitled to recover” from the no-fault insurance carrier. Such *705 an interpretation was followed by the Insurance Department in the introductory sentence to the regulations at issue (11 NYCRR 65.16 [c] [7]) which states that "The following limitations shall apply to the payment by insurers of applicant’s attorney’s fees”. (Emphasis supplied.)
11 NYCRR 65.16 (c) (7) (ix) which attempts to prevent an attorney from receiving fees from his client in excess of those permitted to be paid by the insurer is beyond the scope of and inconsistent with both the enabling legislation and the declared application of the regulations. Accordingly, 11 NYCRR 65.16 (c) (7) (ix) is clearly invalid and is to be rescinded by the Insurance Department.
It is also noted that where the legislation intended to bar recovery for services from a claimant, it expressly stated such prohibition as it did with respect to health providers by adding a new section to the statute, i.e., section 678 of the Insurance Law.
By definition attorneys’ fees are entirely different from disbursements. The Insurance Department clearly recognized this distinction by making a separate regulation (11 NYCRR 65.16 [c] [7] [vii]) applicable solely to disbursements recoverable in addition to the attorney’s fee. However, the aforesaid enabling statute makes no mention of disbursements and does not give the Insurance Department the power to regulate disbursements. Moreover, the introductory sentence to the regulations does not indicate that they apply to disbursements. And furthermore there is no indication that the Legislature authorized the Insurance Department to pre-empt the other statutes applicable to recovery of disbursements in a court proceeding.
Petitioners argue that the fee schedule provided for in the regulations at issue is unreasonable. In support of their contention they seek to demonstrate that the scheduled fees are considerably less than average attorneys’ fees, and less than necessary for an attorney to run a law office. In opposition, the respondent indicates that in formulating the fee schedule at issue it took into consideration the following factors: the complexity and/or novelty of the legal issues involved; the time spent; the amount recovered; the skill necessary and the risk of litigation versus a flat fee. The respondent was influenced in this regard by (1) the fees granted attorneys in workers’ compensation disputes, (2) the range of fees awarded under the original arbitration system, *706 and (3) that some of the work in this area is of such a nature that it can be handled by paralegals or laymen. It is particularly noted that different fees were provided for the different types of disputes which have varying levels of complexity. Respondent having shown a rational basis for the fee prescribed schedule, it cannot be said as a matter of law that the respondent was arbitrary or capricious in establishing the fee schedule it developed. This is especially so since the schedule has a safeguard feature permitting a fee to be recovered in excess of the set limitations where a determination is made that the issues in the dispute were of such novel and/or unique nature as to require extraordinary skills or services. (11 NYCRR 65.16 [c] [7] [vi].)
Since it is the opinion of this court that these regulations may only limit the attorneys’ fees recoverable from the no-fault carrier without limiting any private arrangement between an attorney and his client, and since there is no common-law or statutory right to recover legal fees, the application of the attorney fee schedules to matters reached in court is seen as consistent with section 675 of the Insurance Law which authorized the regulations without limiting their applicability to arbitration proceedings. Interpreted in this manner the regulated attorneys’ fee schedule in a sense establishes the extent of potential liability of an insurance carrier which unreasonably fails to make prompt payment without conflicting with section 474 of the Judiciary Law, which provides that the compensation of an attorney is governed by contractual arrangement between the parties.
Accordingly, the petition is granted invalidating clauses (vii) and (ix) of 11 NYCRR 65.16 (c) (7) and in all other respects is denied.