OPINION OF THE COURT
Edward H. Lehner, J.
These three actions came before the court on an agreed statement of facts. In each action the plaintiff, a health service provider, alleges that defendant did not pay first-party no-fault benefits when due and the amount sought to be recovered in each is under $100. Before the matters came on for trial, the respective claims were paid.
The only issue now before the court is the amount of legal fees plaintiff is entitled to recover. Plaintiff claims it is entitled to the reasonable value of its counsel’s fees, which the parties stipulated was $750 in each case. Defendant asserts that plaintiff is limited to a fee of $40 per case under regulations adopted by the Superintendent of Insurance.
*1028 Section 675 of the Insurance Law provides in part as follows:
“1. Payments of first party benefits * * * shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion thereof was overdue, the claimant shall also be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, which shall be subject to limitations promulgated by the superintendent in regulations.
“2. Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, or additional first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent.” (Emphasis supplied.)
In examining the statute it should initially be observed that it provides a no-fault claimant with the option (and thus not a mandate) of proceeding to enforce the claim through arbitration. Hence, he is free, if he so chooses, to seek collection through a plenary action in court. (Marangiello v Kamak, 64 AD2d 624; Chapman v American Motorists Ins. Co., 88 Misc 2d 115; Liberty Mut. Ins. Co. v United States, 490 F Supp 328.)
To implement the statutory mandate for the establishment of simplified arbitration procedures for handling first-party benefit disputes, the superintendent adopted regulation 11 NYCRR 65.16. The procedure prescribed therein provides that the Insurance Department (the Department) shall initially review all requests for arbitration and if it appears therefrom that the dispute may be resolved without arbitration, the Department is to communicate with the parties to seek a settlement. If a resolved claim was merely overdue and the claimant was repre *1029 sented by counsel, the insurer is also required to pay an attorney’s fee of $40. (11 NYCRR 65.16 [c] [2].)
If the Department is unable to resolve a controversy within 21 days, it is to then refer the request to either the American Arbitration Association (AAA), the Health Service Arbitration panel (HSA), or the Department arbitration panel (IDA), with the reference to be determined based on the nature of the dispute. (11 NYCRR 65.16 [c] [3].) The section also provides concurrent reference to the HSA and AAA where the issue required to be resolved by one panel is not relevant to that required to be decided by the other.
With respect to attorney’s fees, 11 NYCRR 65.16 (c) (8) provides:
“(8) Limitations on attorney’s fees pursuant to section 675 of the Insurance Law. The following limitations, shall apply to the payment by insurers of applicant’s attorney’s fees for services necessarily performed in the resolution of no-fault disputes * * *
“(ii) The minimum attorney’s fee payable pursuant to this Part shall be $40.
“(iii) Disputes subject to A.A.A. expedited arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows:
“(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $45 per hour, subject to a maximum fee of $900; and in addition,
“(b) an attorney shall be entitled to receive a fee of up to $60 per hour for each personal appearance before the arbitrator or court.
“(iv) Disputes subject to H.S.A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows: Except as provided in subparagraph (ii) of this paragraph, 20 percent of the amount of first-party benefits plus interest thereon, awarded by the arbitrator(s) or court subject to a maximum fee of $600.
*1030 “(v) Disputes subject to Insurance Department arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be 20 percent of the interest awarded by the arbitrator subject to a maximum fee of $350.
“(vi) Disputes subject to A.A.A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows:
“(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $30 per hour, subject to a maximum fee of $300; and, in addition,
“(b) an attorney shall be entitled to receive a fee of up to $50 per hour for each personal appearance before the arbitration forum or court;
“(c) however, except as provided in subparagraph (ii) of this paragraph, in no event shall the attorney’s fee exceed the amount of first-party benefits plus interest thereon awarded to the applicant * * *
“(viii) If a dispute involving an overdue or denied claim is resolved either before arbitration is initiated or before a court action is commenced, the claimant’s attorney shall be entitled to a fee of $40 which shall be full compensation from the insurer for the attorney’s services with respect to such claim.
“(ix) If a dispute involving an overdue or denied claim is resolved by the parties after it has been forwarded by the Insurance Department to the appropriate arbitration forum or after a court action has been commenced, the claimant’s attorney shall be entitled to a fee which shall be computed in accordance with the limitations set forth in this paragraph.
“(x) No attorney shall demand, request or receive from the insurer any payment of fee in excess of the fees permitted by this paragraph.”
From the foregoing it can be seen that if arbitration proceeds before the AAA under either clauses (iii) or (vi), the schedule calls for hourly fees for the attorney, subject to specified máximums, with the regulation specifically *1031 including claims prosecuted by court action. This contrasts with the allowance provisions under clauses (iv) and (v) relating to HSA and IDA arbitrations, where in the former the fee is fixed at 20% “of the amount of first-party benefits plus interest thereon, awarded by the arbitrator(s) or court subject to a maximum fee of $600” (emphasis supplied) and in the latter where the fee is to be “20 percent of the interest awarded by the arbitrator subject to a maximum fee of $350.” The omission of the term “court” in the IDA procedure is undoubtedly because such tribunals only hear cases where an overdue amount has been paid and the only issue is the amount of interest payable thereon.
Plaintiff argues that such fee limitation should not apply to proceedings instituted in a court, and should be limited to instances where an unpaid provider seeks to enforce his claim through arbitration.
. Under American jurisprudence attorney’s fees are not awarded to a successful litigant unless authorized by law or by contract. Here under section 675 of the Insurance Law the Legislature provided for recovery of such fees where no-fault benefits are not paid when due, but mandated the superintendent to limit same. It is clear from the above that the regulations adopted by the superintendent are intended to cover legal services rendered either in a court or through arbitration. Although the parties have not cited any prior delegation by the Legislature to an administrative agency of the power to limit fees that can be collected by an attorney through litigation (except by the agencies that regulate the practice of law), the court knows of no reason why the setting of limitations cannot be so delegated.
In the overwhelming majority of instances in which the Legislature has authorized the collection of legal fees by a creditor, the allowance has been for “reasonable attorney’s fees”. (E.g., Banking Law, § 108, subd 4, par [c]; § 202, subd 4, par [c]; § 453, subd 5, par [a]; Uniform Commercial Code, § 9-504, subd [1], par [a]; § 9-506.) However, a limitation based on a percentage of the recovery, similar to that adopted by the superintendent in HSA and IDA arbitrations, has been enacted into law in a few situations, e.g., subdivision 7 of section 302 of the Personal Property Law *1032 (15% of amount due under motor vehicle retail installment sale); subdivision 2 of section 569 of the Banking Law (20% of amount due under insurance premium agreement).
The only issue thus remaining before the court is whether the fee schedule is so unreasonable in light of the legislative authorization as to be declared unenforceable.
In Matter of Rachlin v Lewis (96 Misc 2d 701), the validity of the fee schedule was upheld except with respect to the provision (not now in the regulation), prohibiting an attorney from collecting fees from his client above those paid by the insurer. However, the attack in that case was to the regulation as a whole, the petitioner arguing that the fee allowances were unreasonably low in view of the costs of operating a law office.
. In the cases at bar where the amount not paid when due in each case was under $100, the plaintiffs’ attorneys have spent such time on the litigations (including depositions, motions, court-mandated arbitration and appearing in court for trial), that the defendants have conceded that the reasonable counsel fee would be the $750 requested in each case. However, defendants maintain that plaintiffs are only entitled to the minimum fee of $40 prescribed in the foregoing regulations (the percentage fee authorized being less than said sum).
The parties agree that the first-party benefits sued for herein would be covered by the attorney’s fee provision relating to HSA disputes as in issue was the liability of the defendant for benefits payable under section 671 (subd 1, par [a]) of the Insurance Law. (See 11 NYCRR 65.16 [c] [3] [ii].)
Disputes subject to arbitration under said section of the regulations relate to the insurer’s liability for the payment of the items enumerated in the foregoing section of the Insurance Law, and include but are not limited to: “whether fees are in accordance with or not specifically covered by the fee schedules promulgated in Part 68 of this Title (Regulation 83), whether treatment, services or hospitalization was excessive or unnecessary, disputes involving charges in excess of the fee schedule, and whether treatment was related to the injury sustained in the motor vehicle accident.”
*1033 While attorneys participating in arbitration or court proceedings relating to such issues may not receive hourly fees, attorneys involved in arbitrations or court proceedings on issues covered by AAA arbitrations are authorized to receive hourly compensation. The latter arbitrations cover the following (11 NYCRR 65.16 [c] [3] [i]):
“(a) whether a policy was in force on the date of the accident;
“(b) whether the applicant qualified as an eligible injured person under the policy or as a qualified person pursuant to article XVII-A of the Insurance Law;
“(c) whether the applicant was excluded from coverage under the policy conditions or exclusions;
“(d) whether the applicant violated policy conditions resulting in exclusion from coverage;
“(e) whether the applicant’s injuries arose out of the use or operation of a motor vehicle;
“(f) whether a valid assignment of no-fault benefits exists or whether the absence of same precludes the applicant’s standing in the arbitration; or
“(g) whether the policy includes a family deductible as provided for in section 672(3) of the Insurance Law, which is applicable to the applicant’s claim.”
In New York Univ. Med. Center v Liberty Mut. Ins. Co. (Civ Ct, NY County, Index No. 47385/81), the undersigned found the regulation enforceable. However, after extensive review of the procedures of the Department as prescribed in the regulations, the court has reconsidered its prior holding as it is unable to fathom any rational basis for permitting hourly fees for attorneys in controversies that are subject to arbitration before the AAA while denying same to attorneys who appear on behalf of claimants in proceedings that would be arbitrable before the HSA. Although the specific issue that resulted in this lawsuit for nonpayment of benefits was certainly not complex, the differences in the types of matters to be arbitrated before the HSA and the AAA are not such as to lead the court to find a rational basis for the substantial difference in the legal fees authorized. Even if the issues to be heard before *1034 the AAA were in general more complex than those before HSA (which the court does not find to be the case), there would still be no rational justification for the difference in compensation when the dispute is presented for resolution to the courts.
A major reason for the enactment of the No-Fault Law (in addition to lowering insurance costs) was to reduce court congestion. However, since the Legislature has permitted first-party benefit claimants to seek their relief in court, it is improper for the superintendent to exercise the power delegated to set limitations on fees to prevent attorneys for HSA issue claimants from receiving a reasonable fee in cases where the amounts in dispute (such as here) are small. As indicated in Matter of Country-Wide Ins. Co. (Barrios) (43 NY2d 685), attorney’s fees allowable in no-fault disputes (referring to another section of the regulations) do not have to be based on the amount in controversy.
As stated above, under 11 NYCRR 65.16 (c) (2) (ii) (b) and (c) (8) (viii) the superintendent provides that an attorney may receive a $40 fee if the claim is initially resolved by the Department. To provide a similar fee if a litigant has to process the claim through litigation in court or through an arbitration hearing is in this court’s view clearly unreasonable.
As a matter of public policy, the Legislature intended that claimant promptly receive no-fault benefits. If payments of small amounts can be delayed with a penalty of no more than a $40 legal fee, the legislative goal for expeditious reimbursement to claimants can be frustrated.
In Kurcsics v Merchants Mut. Ins. Co. (49 NY2d 451, 459), our Court of Appeals stated: “[wjhere the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld.”
Here the court has concluded that the regulation, insofar *1035 as it relates to disputes that would be subject to HSA arbitration, is irrational and unreasonable, and hence will not be enforced. But that does not mean that plaintiff should receive the $750 per case which the parties have stipulated is the reasonable value of counsel’s services in these actions. If such amount were recovered, it might be more than recoverable if the matter were subject to AAA arbitration. Since the court agrees with that part of the holding of the court in Rachlin v Lewis (supra) that upheld the hourly fees as having a rational basis, the court will allow plaintiff to recover for legal fees at the rates provided in 11 NYCRR 65.16 (c) (8) (vi) subject to the maximum of $600 provided in clause (iv) relating to HSA disputes.
Since the parties did not stipulate as to the hours spent in preparation and in court, unless such a stipulation is submitted prior to February 23,1983, the court will reopen these actions to take testimony at 9:30 a.m. on said date in Part 53 with respect to the hours devoted by plaintiffs’ counsel to these actions. If a stipulation is submitted, a judgment will be directed in accordance with the above.