OPINION OF THE COURT
Per Curiam.
Judgments entered April 6, 1983 modified by reducing the award for attorneys’ fees to $40 in each case, and, as modified, affirmed, with $25 costs to the appellant.
We have previously held that the amount of attorneys’ fees recoverable for services necessarily performed in connection with securing payment of claims for no-fault first-party benefits *957 is governed by regulations of the Superintendent of the Department of Insurance (see, 11 NYCRR 65.16) implemented pursuant to Insurance Law § 675 — whether the dispute is resolved by resort to arbitration proceedings or by court action (Nash Chemists v State Farm Mut. Auto. Ins. Co., NYLJ, Feb. 9, 1984, p 6, col 4 [App Term, 1st Dept.]). In Nash, we also noted that the fee schedule promulgated by the Superintendent has been upheld as rationally based, notwithstanding the allegation that the scheduled fees were less than average attorneys’ fees (citing Matter of Rachlin v Lewis, 96 Misc 2d 701). The decision below (117 Misc 2d 1027) is in general agreement with these principles; but it went further and concluded that the regulations, insofar as they provide for attorneys’ fees in disputes referred to the Health Service Arbitration (HSA) panel or the Insurance Department Arbitration (IDA) panel, are irrational and unenforceable because the recoverable attorney’s fee is based upon a percentage of the amount of first-party benefits awarded, whereas in disputes referred to the American Arbitration Association (AAA) the recoverable attorney’s fee is based upon hourly rates, subject to specified máximums per hour. The court could find no “rational basis for permitting hourly fees for attorneys in controversies that are subject to arbitration before the AAA while denying same to attorneys who appear on behalf of claimants in proceedings that would be arbitrable before the HSA” (Deto Lab. v Allstate Ins. Co., 117 Misc 2d 1027, 1033).
The Superintendent of Insurance is vested
“ ‘with broad power to interpret, clarify and implement the legislative policy’ * * * Provided that his regulations are not inconsistent with some specific statutory provision, the superintendent may prescribe regulations ‘to effectuate any of the powers given to him by law’ * * * including any powers that the statute reasonably implies.
“The function of a reviewing court is a limited one. The challenger of a regulation must establish that the regulation ‘is so lacking in reason for its promulgation that it is essentially arbitrary’ * * * The interpretation given a statute by the administering agency ‘if not irrational or unreasonable, should be upheld’.” (Ostrer v Schenck, 41 NY2d 782, 785-786.)
Applying this standard, we think Civil Court erred in holding that the regulation in question was not a permissible and reasonable exercise of the Superintendent’s broad mandate under Insurance Law § 675 to regulate attorneys’ fees recoverable in proceedings brought to secure payment of first-party benefits. *958 Under the present regulatory scheme, a claimant who elects to resolve a no-fault dispute through arbitration may be referred to one of three different arbitration panels (see, 11 NYCRR 65.16 [c] [3]). Each panel has a distinct jurisdiction and entertains different questions of fact. The limitation upon the recoverable attorney’s fee turns upon the type of arbitration which governs the particular dispute. Thus a dispute subject to AAA arbitration generates counsel fees on an hourly basis, while disputes subject to arbitration by HSA or IDA panels generate fees on a percentage basis of the amount of benefits recovered (11 NYCRR 65.16 [c] [8]). We agree with defendant that it is within the expertise and permissible authority of the Superintendent to determine the questions which each arbitration panel shall hear and to allow for the recovery of greater attorneys’ fees in those arbitrations which, in the Superintendent’s view, entertain issues of greater complexity and import. This demarcation is not violative of or inconsistent with Insurance Law § 675, nor can it be said that it is so lacking in reason as to be arbitrary on its face. Moreover, there is no empirical evidence before us to suggest that in a statistically significant number of cases, application of the regulatory scheme has in fact resulted in disparate awards of attorneys’ fees for which there is no rational basis.
Accordingly, we modify the judgments appealed from to provide for attorneys’ fees of $40, the appropriate amount pursuant to the formula for disputes subject to HSA arbitration (11 NYCRR 65.16 [c] [8] [iv]). Plaintiffs’ belated suggestion that “extraordinary skills or services” were rendered, entitling them to a fee in excess of the limitations set forth in the regulations (11 NYCRR 65.16 [c] [8] [vii]), is not borne out by the record. After a hearing, the competent evidence established that approximately 45 minutes of out-of-court preparation and two hours of court time were devoted to each case. The issues were not shown to be so “novel” or “unique” as to require extended services; indeed, the court found that the issue which prompted these lawsuits “was certainly not complex” (Deto Lab. v Allstate Ins. Co., supra, p 1033).
Hughes, J. P., Sandifer and Parness, JJ., concur.