In the Matter of STANLEY S. HAUSEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 6, 1985

### APPEARANCES OF COUNSEL

*Robert H. Straus* (*Diana L. Maxfield* of counsel), for petitioner.
*John G. Bonomi, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by the Appellate Division, First Judicial Department, on June 10, 1953, under the name of Stanley Sherman Hausen. In this proceeding to discipline him for professional misconduct, respondent moves to confirm the report of the Special Referee and to dismiss the petition, while petitioner cross-moves to disaffirm the report and to sustain the charges.

Respondent was charged with two counts of professional misconduct. The first charge alleged that respondent was guilty of overreaching, self-dealing and charging a clearly excessive fee by entering into a contingent fee retainer agreement with one of his clients on November 8, 1979, for the collection of no-fault

insurance benefits. The second alleged that he was guilty of overreaching and self-dealing by obtaining an irrevocable power of attorney from the same client on the same date, notwithstanding the fact that he had been cautioned by the Joint Bar Association Grievance Committee for the Second and Eleventh Judicial Districts in October 1976 that the use of such a power of attorney was improper and unethical. After a hearing, the Special Referee recommended that neither of the charges be sustained, but based on our independent review of the record, we disaffirm the Special Referee's report and sustain both charges.

Respondent was retained by the client in issue on or about November 8, 1979 to prosecute a personal injury action resulting from an automobile collision which occurred on November 6, 1979. Two separate retainer agreements were entered into at that time, the first authorizing the respondent to institute a personal injury action on his client's behalf, and the second authorizing him to "prosecute and adjust" the client's claim for no-fault benefits arising out of the same collision. Both pre-printed retainer agreements provided for the sliding-scale of compensation set forth in the rules of this court (22 NYCRR 691.20 [e] [2] [schedule A]),* but the no-fault retainer agreement contained the following additional clause: "This shall not bar my said attorney's application for reasonable attorney fees to be paid by the No Fault Insurer on a work-time, percentage of recovery, novel issue or other basis, where applicable". In addition, both retainer agreements contained the following express language: "I * * * hereby irrevocably appoint my * * * said attorney, STANLEY S. HAUSEN, as my * * * attorney-in-fact to execute and sign my (our) name * * * to any and all releases, checks, drafts, and other documents, instruments, and papers relating or pertaining to the aforesaid accident, injuries, damages and claim(s)."

Under the facts of the instant case, it is our belief that respondent's procurement of a contingent fee retainer agreement incorporating the terms of compensation set forth in 22 NYCRR 691.20 (e) (2) (schedule A) for the collection of his client's no-fault benefits constituted an agreement to charge a clearly excessive fee in violation of Code of Professional Responsibility, DR 2-106 (A) (see also, DR 2-106 [B]). Accordingly, the first charge is sustained. While the underlying collection matter may not have been routine, the foregoing in no way excuses the

---

* I.e., "50 per cent on the first $1000 of the sum recovered * * * 40 percent on the next $2000 of the sum recovered * * * 35 percent on the next $22,000 of the sum recovered; or * * * 25 per cent on any amount over $25,000 of the sum recovered".

excessiveness and unconscionability of the retainer agreement obtained by the respondent in this case, pursuant to which he would have been entitled to recover up to $652 for assisting his client to collect some $1,380 in no-fault benefits (*see, Hausen v Davis,* 112 Misc 2d 992, 993). 22 NYCRR 691.20 (e) (1) pertinently provides that while the contingent fee schedules set forth therein shall be deemed "fair and reasonable" in the context of personal injury and wrongful death causes of action, "[n]*othing* contained [herein] *shall be deemed applicable* to the fixing of compensation for attorneys for services rendered in connection with the collection of first party benefits as defined by article XVIII of the Insurance Law [i.e., no-fault benefits]" (22 NYCRR 691.20 [e] [7]; emphasis supplied).

Turning our attention to the second charge in issue, it is undisputed that the respondent was informed in a letter of admonition dated October 26, 1976, that the routine inclusion of an unconditional power of attorney in his retainer agreements in no-fault collection cases "represented over-reaching and created a dangerous possibility of abuse". Respondent nevertheless persisted and procured the same type of retainer agreement from the client in the case at bar. Notwithstanding the fact that he may (as the Special Referee found) have intended to delete the word "irrevocably" therefrom, there is nothing in the record which would even tend to support his decision to procure an unconditional power of attorney from the client in the first instance. Accordingly, we regard respondent's procurement of a retainer agreement incorporating an unconditional power of attorney from the client in this case to be an act of overreaching, and sustain charge number two.

Based on the foregoing, respondent's motion to confirm the Special Referee's findings and to dismiss the petition is denied, and petitioner's cross motion to disaffirm the findings and to sustain the charges is granted.

Having thus been found guilty of professional misconduct, the respondent should be, and hereby is, censured.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and THOMPSON, JJ., concur.