OPINION OF THE COURT
Walter B. Tolub, J.
Plaintiff and defendant move and cross-move for summary judgment. At issue is whether the plaintiff may recover from defendant insurer attorney’s fees which are allegedly owed by plaintiff’s former client. For the reasons discussed below this *148 court finds that it may not and awards summary judgment in favor of the defendant.
The facts herein are undisputed. Plaintiff is a law firm that was retained in 1981 by one Shirley Jacobs to commence a lawsuit for personal injuries arising as a result of an automobile accident. In connection with this lawsuit, the plaintiff also handled Ms. Jacobs’ claims for no-fault benefits. The defendant, Reliance Insurance Company, is the insurance carrier which provided coverage to the owner of the vehicle in which Ms. Jacobs was a passenger.
Sometime in 1982, the defendant discontinued Ms. Jacobs’ no-fault benefits causing Ms. Jacobs to commence an arbitration proceeding in which she was represented by plaintiff. In April 1984 the case was heard before an arbitrator. The arbitrator found in favor of Ms. Jacobs and awarded her a sum of $9,431.52 in lost earnings and interest in the amount of $6,849.99. In addition the arbitrator awarded attorney’s fees pursuant to 11 NYCRR 65.16 (c) (8) in the amount of $410. The defendant then mailed three checks to Ms. Jacobs representing her lost earnings plus interest and also mailed a check to plaintiff representing attorney’s fees.
Plaintiff claims that it had a separate fee arrangement with Ms. Jacobs in connection with their representation at the no-fault arbitration. The plaintiff contends that because the defendant sent the arbitration award directly to his client he was denied payment of this fee.
The court is cognizant of the fact that an attorney and his client may enter into a private arrangement to collect a fee in connection with the representation in a no-fault matter (Hausen v Davis, 112 Misc 2d 992; Matter of Rachlin v Lewis, 96 Misc 2d 701). This arrangement is perfectly valid so long as the terms of the agreement are not put in the form of a contingency fee (Matter of Hausen, 108 AD2d 206; Hausen v Davis, supra; 22 NYCRR 603.7 [e] [7]; 691.20 [e] [7]; 806.13 [f]).
In the within action the plaintiff has failed to state a cause of action. The plaintiff’s contention that the defendant now owes them their client’s fee because they sent no-fault benefits directly to the client is without basis in law. The plaintiff has not presented any case or statute which requires an insurance company to send all first-party no-fault benefits directly to the attorney or else be held liable to the attorney for loss of fees. An insurance company is not a guarantor or surety of the fee arrangement between attorney and client. *149 Indeed, the law provides that an attorney has an automatic lien against his client’s claim which attaches to any verdict, judgment, determination, etc. (Judiciary Law § 475.)
This is not a situation, as the plaintiff would have the court conclude, of a law firm suing an insurance carrier for attorney’s fees in connection with a no-fault arbitration. If it was such a suit it could not be maintained by the plaintiff as only a claimant or his assignee is entitled to recover attorney’s fees in connection with no-fault arbitrations (11 NYCRR 65.15 [h]; see also, Massepequa Gen. Hosp. v Allstate Ins. Co., 118 Misc 2d 155). Rather, the plaintiff’s contention is that the defendant’s act of directly paying their client her no-fault benefits deprived them of their right to a fee. The plaintiff would therefore cast the defendant in a role akin to a guarantor or surety. Plaintiff has presented no theory either in tort or in contract upon which relief can be granted.
There is no requirement either in common law or by statute which provides that an insurance carrier must issue checks for first-party no-fault benefits directly to a claimant’s attorney. While it may be a common practice in the insurance industry to do so, there is no authority which mandates that it must do so.
It should also be noted that the plaintiff has failed to set forth any proof in his moving papers of the underlying fee arrangement between itself and Ms. Jacobs. On a motion for summary judgment the moving party must come forward and lay bare his proof that he is entitled as a matter of law to have judgment directed in his favor (Zuckerman v City of New York, 49 NY2d 557).
Accordingly, defendant’s cross motion for summary judgment is granted and the complaint is hereby dismissed.