Chief Judge Breitel.
 

 Michael Breen, a truck driver for Wooster Express, sued appellant Cunard Lines for personal injuries sustained on Cunard’s pier when he fell through a broken board of a pallet which he had used while unloading a shipment of heavy cases containing paper. Cunard, by a third-party complaint, impleaded respondent Liberty Mutual, the liability insurer of Wooster’s truck. Wooster’s policy covered liability not only for the named insured, but also all those using the vehicle with the insured’s permission, that is, Wooster’s permission. As to bodily injury or property damage sustained in the process of loading or unloading, however, coverage of liability to others was limited to “ a lessee or borrower ” of the vehicle, or an employee of the named insured.
 

 Since the accident occurred during “ unloading ” of the vehicle, as broadly construed by this court in
 
 Wagman
 
 v.
 
 American Fid. & Cas. Co.
 
 (304 N. Y. 490) and Cunard was by its own concession neither a lessee nor a borrower of the Wooster vehicle, the order granting a summary judgment to Wooster’s insurer should be affirmed. The policy limitation for loading or Unloading in the Wooster policy was included pursuant to a regulation of the Superintendent of Insurance permitting such limitation to the named insured, and, where appropriate, the insured’s spouse (11 NYCRR 60.1 [e]). That regulation is valid and not in conflict with the various statutory provisions as appellant contends.
 

 Although paragraph (2) of. subdivision (b) of section 345 of the Vehicle and Traffic Law and subdivision 2 of section 167 of the Insurance Law mandate liability coverage for any party either “ using ” the vehicle with the permission of the named
 
 *511
 
 insured, or “ responsible for ” the vehicle, these provisions do not preclude a regulation making more definite the extended coverage required for the acts of loading and unloading of a motor vehicle. The process of loading and unloading is susceptible to broad construction both as to the scope of the event and the parties involved (see, e.g.,
 
 Kozdranski Co.
 
 v.
 
 Jamestown Mut. Ins. Co.,
 
 40 A D 2d 187, affd. 34 N Y 2d 542;
 
 Hertz Corp.
 
 v.
 
 Bellin,
 
 22 N Y 2d 736). The use of a vehicle may or may not include various events associated with the vehicle that go beyond its mechanical operation as a layman might view it. At the same time it may not be desirable or even rational, in some instances, to attenuate the concept of use indefinitely.
 

 In
 
 Wagman
 
 v.
 
 American Fid. & Cas. Co. (supra)
 
 this court construed an insurance policy which expressly designated1 ‘ loading and unloading ” as a “ use ” of the vehicle for which all users with the permission of the named insured would be covered. The contested policy there did not otherwise limit either the scope of the covered event or the persons participating. Faced with such unqualified terminology, the court ruled that a store employee, not employed by the truck owner, who collided with a pedestrian, while supervising the loading of the insured’s truck was entitled to indemnity from the insurer. The policy phrase “loading and unloading” was held to embrace the “ complete operation ” of transporting the goods between the vehicle and the place from or to which they were being delivered.
 

 Although the cited provisions of the Vehicle and Traffic Law and the Insurance Law were enacted after the
 
 Wagman
 
 decision, it would be incorrect to infer that the Legislature intended to mandate the same comprehensive loading and unloading coverage which this court found in the express terms of the insurance policy in that case. Unlike that insurance policy, the statutory reference to “ users ” is general and does not necessarily include every attenuated event that one might associate with a broad description of a loading or unloading operation or those who participate in the operation, however remotely.
 

 The Superintendent of Insurance is vested with broad power to interpret, clarify, and implement the legislative policy (see Insurance Law, §§ 10, 21; e.g.,
 
 Matter of B. & R. Excess Corp.
 
 v.
 
 Thacker,
 
 37 Misc 2d 307, 310, affd. 18 A D 2d 1137). Given the generality of the applicable statutes, the indefiniteness inher
 
 *512
 
 ent to the loading and unloading process, and the practicalities of the overlapping of liability insurance and the insurance rate structure, there was a rational basis for the regulation by the Superintendent (see
 
 Wachstein
 
 v.
 
 General Acc. Fire & Life Ins. Assur. Corp.,
 
 36 A D 2d 963, 964). Since Cunard is excluded from coverage by the policy provision written pursuant to a valid regulation, it has no cause of action against Wooster’s insurer. Hence, summary judgment to the insurer was properly granted.
 

 Accordingly the order of the. Appellate Division should be affirmed, with costs to respondent Liberty Mutual Insurance Company.
 

 Judges Jasen, Gabrielli, Jones, Wachtler, Babin, and Stevens concur.
 

 Order affirmed.