OPINION OF THE COURT
James B. Kane, J.
Plaintiff moved and defendants cross-moved for summary judgment declaring the responsibilities of plaintiff Harleysville Mutual Insurance Company (Harleysville), insofar as they relate to a policy issued by Harleysville to James B. Boerst and to claims arising out of an accident on March 23, 1980.
The accident involved a vehicle owned and driven by. James B. Boerst and a vehicle driven by Karen L. Stetz. Roy Donald Whitaker, Sr., a passenger in the Boerst vehicle was killed in the accident. Dorothy A. Meyer and Charles Speziale, passengers in the Boerst vehicle, sustained injuries. Lisa Lee and Sandra Brem, passengers in the Stetz vehicle, were also injured.
*1007 At the time of the accident, James B. Boerst, a resident of Pennsylvania, had a $75,000 “single limit” policy from Harleysville.
The policy under the “Limit of Liability” provision stated:
“The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of covered persons, claims made, vehicles or premiums shown in the Declarations, or vehicles involved in the auto accident.
“We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.
“If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows:
“1. If the state or province has a financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, your policy will provide the higher specified limit;
“2. If the state or province has a compulsory insurance or similar law requiring a non resident to maintain insurance whenever the non resident uses a vehicle in that state or province, your policy will provide the required minimum amounts and types of coverage.
“No one will be entitled to duplicate payments for the same elements of loss as a result of the application of this provision.”
The Pennsylvania Insurance Law (Pa Stats Ann, tit 40, § 1009.104) dealing with required motor vehicle insurance mandates minimum coverage of $15,000 for damages arising out of bodily injury or death of any one person and $30,000 for damages because of bodily injury or death of two or more individuals in any one accident. Pennsylvania law does not distinguish a recovery for wrongful death from one for bodily injuries.
*1008 Section 311 (subd 4, par [a]) of the New York Vehicle and Traffic Law and section 167 (subd 2-a) of the Insurance Law require minimum coverage of $50,000 for one death or $100,000 for two or more deaths arising out of the same accident. New York also requires coverage in the amount of $10,000 for bodily injury to one person or $20,000 for bodily injuries to two or more individuals arising out of any one accident. Additionally, a vehicle must be covered by at least $5,000 to compensate for property damage.
Applying the New York minimum requirements to the circumstances of this case (one dead, two or more injured) the $75,000 policy of Harleysville is sufficient to meet the New York requirements. Fifty thousand dollars would be set aside to respond to claims arising in the wrongful death action. Twenty thousand dollars would be set aside to respond to the claims for bodily injuries. Five thousand dollars would be set aside to respond to any property damage claims. In the unlikely event that one of the above three classifications did not use up the entire amount of the set-aside the excess would be used for any other claims arising out of the accident.
Harleysville’s policy issued to Boerst clearly provides $75,000 in coverage to be used to satisfy all claims; wrongful death and/or bodily injury. Inasmuch, as this amount meets the standards of New York in this given factual circumstance, the court does not feel it has the authority to modify a contract that is clear and unambiguous on its face. Only if the contract did not provide the minimum required amounts recoverable under New York law in this factual situation would the court’s intervention be justified.
Harleysville’s position that the $75,000 coverage meets the maximum cumulative exposure in this situation is supported by the April 22,1982 letter from Donald Carroll, Office of General Counsel, New York State Insurance Department. The court agrees that an administrative agency’s interpretation of a statute which it is responsible for administering is entitled to respect (Matter of Niagara Falls Urban Renewal Agency v O’Hara, 57 AD2d 471; Matter of Evans v Newman, 100 Misc 2d 207, affd 71 AD2d 240).
*1009 For the reasons stated above, Harleysville’s motion is granted in its entirety and the cross motions of the various defendants are denied.