OPINION OF THE COURT
Howard E. Levitt, J.
This is an action that arose out of a motor vehicle accident occurring on April 9,1982. The defendant was the owner and operator of a motor vehicle insured under a policy of automobile liability insurance issued by the Merchants Mutual Insurance Company. The plaintiff’s decedent was allegedly struck by the aforesaid vehicle owned and operated by the defendant Herman Haskins on April 9, 1982. It is further alleged that as a result of said occurrence the plaintiff’s decedent expired.
The matter, which appears to be one of first impression, is now before the court for a determination of the maximum extent of insurance coverage available to the plaintiff pursuant to statute as well as the policy of automobile liability insurance issued by the Merchants Mutual Insurance Company to the defendant Herman Haskins.
The defendant, -through his insurance company, has offered, in full settlement, what it claims to be the total applicable coverage of $50,000. The policy is a $10,000- *1074 $20,000 minimum limit policy, with automatic coverage of $50,000 for wrongful death.
There are two causes of action in the complaint, one is a personal injury claim and one is for wrongful death. It is the plaintiff’s contention that in addition to the $50,000 for wrongful death, the policy also must afford coverage of $10,000 for personal injury. It is the contention of the defendant that the total insurance coverage for personal injury followed by wrongful death is $50,000.
Thus, the issue to be decided by this court is whether the total insurance coverage for the defendant, for both the personal injury claims and the wrongful death is $50,000 or whether it is a combination of $50,000 for the wrongful death claim and $10,000 for the personal injury claim.
Plaintiff relies upon the purported “ambiguity” which arises between the provision in the defendant’s insurance policy under the heading of “Limit of Liability” and section 345 (subd [b], par [3]) of the Vehicle and Traffic Law."
The specific policy provision reads, in pertinent part, “In addition, our limit of liability for bodily injury resulting in death is as follows: 1) Up to $50,000 for bodily injury resulting in death of any one person in any one accident”.
Section 345 of the Vehicle and Traffic Law states, in part,
“(b) Such owner’s policy, of liability insurance * * *
“(3) Shall insure the insured or such other person against loss from the liability imposed by law for damages * * * subject to a limit, exclusive of interest and cost, with respect to each such motor vehicle, of ten thousand dollars because of bodily injury to or fifty thousand dollars because of death of one person in any one accident”.
It is plaintiff’s position that the “ambiguity” results from the fact that the limiting language describing the $50,000 coverage contained in the insurance policy is contrary to the language in the aforesaid section of the Vehicle and Traffic Law. In support of this posture, plaintiff has submitted several letters and memoranda from various agencies to establish that coverage is $50,000 for wrongful death and $10,000 for personal injury. While these memoranda indeed support such respective coverages they do *1075 not come to the conclusion, as plaintiff contends, that the intent of the statute was to combine these coverages in the event that an injured party subsequently dies.
The Department of Transportation, in summarizing the proposed amendment stated merely that coverage is $50,000 for wrongful death and $10,000 for personal injury and deferred making any comment as to its reasons for recommending any amendment to the Vehicle and Traffic Law (to increase the minimum amount of automobile liability insurance to $50,000 for wrongful death) “since it is more within the jurisdiction of the Insurance Department.”
The memorandum from the Department of Motor Vehicles dated June 26, 1979, although stating that “the bill would not affect liability coverage for personal injury or for property damage” did state that its department assumed that the coverage amounts have been raised only for death, “on the theory that first party benefits are not available in the death situation”. It too deferred its recommendation to the Insurance Department. The undated memorandum from State Senator John R. Dunne again states the contents of the proposed amendment without reference to plaintiff’s contention. However, under “Justification” the following statement is made: “Persons injured in auto accidents are covered by the no-fault law for up to $50,000 in benefits. However, persons killed by the actions of a negligent motorist are often denied similar benefits. The current limitations were promulgated in 1959 (L.1959 c. 775). It is clear that the amount of insurance protection that was adequate in 1959 cannot be remotely close to adequate in 1979” (see NY Legis Ann, 1979, p 394).
A letter from the Superintendent of Insurance to the counsel for the Governor dated July 2,1979 also separately confirmed coverage of $50,000 for wrongful death and $10,000 for personal injury.
Contrary to supporting plaintiff’s contention, these documents indicate the basis for the then-proposed amendment to the subject statute to be the effect of inflation (see 32 Syracuse L Rev 369, 381). No change was ever intended as to benefits to injured persons, only as to estates of persons who die.
*1076 The subject statute prior to the 1979 amendment (L 1979, ch 665, § 9) reads as follows: “(b) Such owner’s policy of liability insurance * * * (3) Shall insure the insured or such other person against loss from the liability imposed by law for damages * * * subject to a limit, exclusive of interest and cost, with respect to each such motor vehicle, of ten thousand dollars because of bodily injury to or death of one person in any one accident”.
The total recovery for all physical consequences of an accident before the 1979 amendment was $10,000 — never $10,000 for personal injury plus an additional $10,000 for wrongful death. The amendment was never intended to change this separate as opposed to additional allocation, but, as evidenced by the memoranda proffered by the plaintiff, was made to compensate, in the case of a death, for the inflationary factor.
The court is cognizant that the Superintendent of Insurance has the power to prescribe regulations to effectuate the powers given to him by law pursuant to section 21 of the Insurance Law. He is empowered, too, to interpret, clarify and implement legislative policy. (Breen v Cunard Lines S. S. Co., 33 NY2d 508.) The superintendent has promulgated such a regulation which clearly and succinctly interprets the subject statute, through the identical provisions, under subdivision 2-a of section 167 of the Insurance Law (liability insurance; standard provisions; right of injured person)* which was amended simultaneously with the Vehicle and Traffic Law. 11 NYCRR 60.1 (Minimum Provisions for Automobile Liability Insurance Policies; Mandatory Provisions) provides in relevant part: “An ‘owner’s policy of liability insurance’ shall contain in substance the following minimum provisions * * * (a) Insurance against loss from the liability imposed by law upon the insured for damages * * * exclusive of interest and *1077 costs, with respect to each such motor vehicle of $10,000 because of bodily injury, sickness or disease of any one person who does not die as a result of any one accident and $50,000 because of bodily injury, sickness or disease of any one person who dies as the result of any one accident” (underscoring added).
If one contrasts the underscored language with the prior language of the regulation (amdt filed Jan. 5,1973): “with respect to each such motor vehicle of $10,000 because of bodily injury, sickness, disease, or death of any one person as the result of any one accident” one can clearly see that the express intent of the amendment as interpreted by the Superintendent of Insurance was not to combine the coverages, but rather to keep them separate and distinct.
The court must conclude that the proper limit of insurance coverage applicable in the instant action for bodily injury resulting in the death of the plaintiff’s decedent is $50,000.

 Subdivision 2-a of section 167 of the Insurance Law (eff Jan. 1, 1982) “No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any natural person arising out of the ownership, maintenance and use of a motor vehicle by the insured shall be issued * * * unless it contains a provision whereby the insurer agrees that it will pay to the insured * * * all sums, not exceeding a maximum amount or limit of ten thousand dollars exclusive of interest and costs, on account of injury to and all sums, not exceeding a maximum amount or limit of fifty thousand dollars exclusive of interest and cost, on account of death of one person, in any one accident”.