OPINION OF THE COURT
Myron N. Steinberg, J.
Defendant’s motion for an order granting reargument of a prior order of this court is granted. Upon reargument, the prior order, dated September 16,1983, is vacated and this order is substituted in its place as follows:
The first and second causes of action on behalf of plaintiff Dr. Norman Scheiner, as assignee of the injured party, are hereby dismissed. Payments of the claim, which was submitted on or about April 22, 1983, and interest thereon, equaling approximately 3Vfe weeks’ interest at the rate of 2% per month, were made on June 17, 1983. Copies of checks in the amounts of $344.83 and $5.06 issued by the defendant to the plaintiff are annexed as exhibits to the defendant’s moving papers as well as to the plaintiffs’ previous reply affirmation dated July 21, 1983. Moreover, the plaintiff admits that such payments were made in his affirmation dated October 24, 1983.
*250 Defendant’s motion to dismiss is denied with respect to the third cause of action. Although this court agrees with much of the reasoning of the Honorable Jerome S. Medowar in Massapequa Gen. Hosp. v Allstate Ins. Co. (118 Misc 2d 155), it disagrees with that portion of the aforesaid decision which held that an attorney does not have a personal cause of action for attorney’s fees incurred in connection with securing payment of an overdue “no-fault” claim.
It is clear that the Comprehensive Automobile Insurance Reparations Act (Insurance Law, § 670 et seq., the No-Fault Law) was enacted to assure rapid payments of benefits without regard to fault and without requiring the claimant to retain counsel. (Governor’s Memorandum, NY Legis Ann, 1973, p 298.) The Legislature provided that if legal services are required to obtain the payment of an overdue no-fault benefit, the fees for such legal services are to be paid by the insurance carrier and not by the claimant. (Insurance Law, § 675, subd 1.)
Subdivision 1 of section 675 of the Insurance Law specifically provides that payments of first-party benefits shall be made as the loss is incurred, and that such benefits are overdue if not paid within 30 days after a claim is submitted. All overdue payments shall bear interest at the rate of 2% per month. The section further provides that a claimant shall be entitled to recover his attorney’s reasonable fee for services necessarily performed in connection with securing payment of an overdue claim, subject to limitations promulgated by the superintendent in regulations.
Subdivision 2 of section 675 of the Insurance Law provides the claimant with the option of demanding arbitration or commencing court action with respect to any dispute involving the insurer’s liability to pay first-party benefits (Marangiello v Kamak, 64 AD2d 624). In the instant action, the plaintiffs chose to commence a court action instead of proceeding to arbitration with respect to the overdue claim.
The defendant insurer acknowledged that the payment in question was overdue since the defendant made the additional payment of interest at the rate of 2% per month. The payments of benefits and interest were made after, *251 and apparently as a result of, the institution of this action. Thus, the defendant is liable for reasonable attorney’s fees in connection with securing payment of the overdue claim, pursuant to subdivision 1 of section 675 of the Insurance Law.
The question presented is whether plaintiff attorney has a personal cause of action for such reasonable attorney’s fees, and if he does, the extent of same.
Review of the Regulations of the New York State Insurance Department promulgated in accordance with section 675 of the Insurance Law reveals that regulation 65.15 (11 NYCRR) governing claims for personal injury protection benefits for accidents on and after December 1, 1977, sets forth the circumstances in which attorney’s fees are recoverable. Said regulation provides, in pertinent part, as follows: “An applicant or an assignee shall be entitled to recover attorney’s fees, for services necessarily performed in connection with securing payment, if a valid claim or portion thereof was denied or overdue. If such a claim was initially denied and subsequently paid by the insurer, the attorney’s fee shall be $50. If such a claim was overdue but not denied, the attorney’s fee shall be equal to the amount of interest payable pursuant to subdivision (g) of this section, subject to a maximum fee of $50.” (11 NYCRR 65.15 [h] [1].)
Regulation 65.16 (11 NYCRR), entitled “Optional arbitration procedures under section 675 (2) of the Insurance Law with respect to personal injuries sustained on and after December 1, 1977”, sets forth in relevant part, a schedule for determining the amount of legal fees to which an attorney is entitled, based upon the nature of the dispute. This regulation, despite its title, applies to actions commenced in courts of law as well as to arbitration proceedings. This is made clear in subdivision (c) (8), the subdivision of said regulation governing attorney’s fees, the provisions of which are consistently set forth as having equal applicability to both court actions and arbitration proceedings. (Massapequa Gen. Hosp. v Allstate Ins. Co., supra; 11 NYCRR 65.16 [c] [8].)
In order to fully explain its relevance to the issue at bar, regulation 65.16 (c) (8) is set forth in its entirety as follows:
*252 “(8) Limitations on attorney’s fees pursuant to section 675 of the Insurance Law. The following limitations shall apply to the payment by insurers of applicant’s attorney’s fees for services necessarily performed in the resolution of no-fault disputes:
“(i) If an arbitration was initiated or a court action was commenced by an attorney on behalf of an applicant and the claim or portion thereof was not denied or overdue at the time the arbitration proceeding was initiated or the action was commenced, no attorney’s fees shall be granted.
“(ii) The minimum attorney’s fee payable pursuant to this Part shall be $50.
“(in) Disputes subject to A.A.A. expedited arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows:
“(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee of up to $55 per hour, subject to a maximum fee of $1,100; and, in addition,
“(b) an attorney shall be entitled to receive a fee of up to $70 per hour for each personal appearance before the arbitrator or court.
“(iv) Disputes subject to H.S.A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee. shall be limited as follows: Except as provided in subparagraph (ii) of this paragraph, 20 percent of the amount of first-party benefits plus interest thereon, awarded by the arbitrator(s) or court subject to a maximum fee of $700.
“(v) Disputes subject to Insurance Department arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be 20 percent of the interest awarded by the arbitrator subject to a minimum fee of $50 and a maximum fee of $400.
“(vi) Disputes subject to A.A.A. arbitrations. Subject to the provisions of subparagraphs (i) and (ii) of this paragraph, an attorney’s fee shall be limited as follows:
“(a) for preparatory services relating to the arbitration forum or court, the attorney shall be entitled to receive a fee *253 of up to $35 per hour, subject to a maximum fee of $350; and, in addition,
“(b) an attorney shall be entitled to receive a fee of up to $60 per hour for each personal appearance before the arbitration forum or court;
“(c) however, except as provided in subparagraph (ii) of this paragraph, in no event shall the attorney’s fee exceed the amount of first-party benefits plus interest thereon awarded to the applicant.
“(vii) Notwithstanding the limitations listed in this paragraph, if the arbitrator(s) or a court determines that the issues in dispute were of such a novel and/or unique nature as to require extraordinary skills or services, the arbitrator(s) or court may award an attorney’s fee in excess of the limitations set forth in this paragraph. An excess fee award must describe in detail the specific novel and unique nature of the dispute which justifies the award. An excess award by an arbitrator shall be appealable to a master arbitrator.
“(viii) If a dispute involving an overdue or denied claim is resolved either before arbitration is initiated or before a court action is commenced, the claimant’s attorney shall be entitled to a fee of $50 which shall be full compensation from the insurer for the attorney’s services with respect to such claim.*
“(ix) If a dispute involving an overdue or denied claim is resolved by the parties after it has been forwarded by the Insurance Department to the appropriate arbitration forum or after a court action has been commenced, the claimant’s attorney shall be entitled to a fee which shall be computed in accordance with the limitations set forth in this paragraph.
“(x) No attorney shall demand, request or receive from the insurer any payment of fee in excess of the fees permitted by this paragraph.*
“*Attorneys should be aware of the Appellate Division Rules prohibiting contingent fees in connection with the collection of first-party no-fault benefits (22 NYCRR 603.7 [e] [7], 691.20 [e] [7] and 806.12 [f]).” (11 NYCRR 65.16 [c] [8]; italics added.)
*254 Although regulation 65.15 (h) states that an “applicant” or an “assignee” shall be entitled to recover reasonable attorney’s fees for services performed in connection with securing payment of an overdue claim, it must be noted that regulation 65.16 (c) (8), setting forth in great detail the methods for calculating attorney’s fees, consistently provides that the “claimant’s attorney” shall be entitled to such fees. While the regulations do not directly address the question whether an attorney may maintain a personal cause of action for legal fees, the language in regulation 65.16 (c) (8) certainly does not preclude such an action.
Moreover, regulation 65.16 (c) (8) (x) states, “No attorney shall demand, request or receive from the insurer any payment of fee in excess of the fees permitted by this paragraph.” It is clear that an attorney has the affirmative right to demand, request or receive from the insurer a payment of legal fees determined in accordance with the aforesaid regulation. It is entirely consistent with the intent of this regulation that an attorney have the right to commence an action to recover such legal fees incurred in connection with securing payment of an overdue claim, in the event that an insurer improperly fails or refuses to pay such fees.
To deny an attorney the right to commence such an action could leave the attorney without recourse should a no-fault insurance carrier pay an overdue claim prior to the commencement of an action or arbitration proceeding, thereby satisfying the claim of the attorney’s client, and subsequently refuse to pay the attorney’s reasonable fee incurred in securing payment of such overdue claim. Since the attorney is not entitled to recover such a legal fee from his client, he must be permitted to recover such fee from the no-fault carrier. (See Matter of Nelson, 102 Misc 2d 391.)
In accordance with the foregoing, the court hereby holds that the third cause of action on behalf of plaintiff Mardon R. Israel for attorney’s fees, for services necessarily performed in connection with securing payment of the overdue claim herein, is maintainable as a matter of law.
That portion of the plaintiff’s cross motion requesting summary judgment is granted to the following extent:
*255 The court hereby finds that there is no triable issue of fact concerning plaintiff attorney’s entitlement to recover legal fees pursuant to section 675 of the Insurance Law and the regulations promulgated thereunder, specifically 11 NYCRR 65.16 (c) (8) and 65.15 (h). The court takes note of a recent Civil Court case which held regulation 65.16 (c) (8) to be unenforceable insofar as it limits recovery of attorney’s fees in disputes subject to arbitration before the Health Service Arbitration Panel to 20% of the amount of first-party benefits plus interest thereon up to a maximum of $700. In Deto Lab. v Allstate Ins. Co. (117 Misc 2d 1027) there was found to be no rational basis for the substantial difference in the fee schedule, set forth in the aforesaid regulation, permitting hourly fees for attorneys in controversies that are subject to arbitration before the American Arbitration Association, while denying same to attorneys who represent claimants in proceedings that would be arbitrable before the Health Service Arbitration Panel.
In the instant action, the parties have not provided the court with information sufficient to determine which subdivision of the afore-mentioned regulations is applicable with respect to legal fees recoverable in the instant action. Therefore, this matter is set down for an inquest to be held at this courthouse, 272 Old Country Road, Mineóla, New York, on December 19,1983, at 9:30 a.m., to determine the amount of attorney’s fees to which the plaintiff is entitled pursuant to the afore-mentioned regulations. As a further aid to said determination, the defendant is directed to comply with the plaintiff’s demand for written interrogatories dated July 25, 1983, within seven days of the date of this order.