OPINION OF THE COURT
Joseph Goldstein, J.
Plaintiff’s motion for an order, pursuant to CPLR 3025 (subd [b]), granting leave to serve and file an amended complaint adding a tenth cause of action and increasing the ad damnum clause to reflect the additional damages pursuant thereto, is granted.
Plaintiff commenced this action as assignee of nine claimants, asserting nine respective causes of action for payment of overdue or denied claims for “no-fault” benefits, plus attorney’s fees incurred in securing payment of such benefits. Plaintiff now moves, pursuant to CPLR 3025 (subd [b]), for leave to serve and file an amended complaint interposing a tenth cause of action for additional legal fees incurred in connection with the aforesaid claims in the *524 amount of $3,400, and amending the ad damnum clause to reflect these additional damages.
It is well settled that a party may move at any time to amend or supplement a pleading and “[ljeave shall be freely given”. (CPLR 3025, subd [b].) This section is to be liberally construed to permit pleadings to be amended or supplemented, in the absence of real prejudice or surprise and upon such terms as may be just under the circumstances, in order to ensure that each controversy is fully litigated. (De Forte v Allstate Ins. Co., 66 AD2d 1028; Siegel, NY Prac, § 237.)
The nine causes of action originally pleaded by the plaintiff include claims for legal fees incurred in securing payment of the allegedly overdue or denied “no-fault” benefits. The defendant has neither argued nor shown that it would be prejudiced or surprised by the addition of a tenth cause of action for additional legal fees incurred in connection with the said nine causes of action.
Defendant argues, however, that the plaintiff’s proposed amendment seeks attorney’s fees in excess of the maximum fees allowable under the Regulations of the Insurance Department and that such amendment therefore should be denied as a matter of law.
It has long been held that complicated or doubtful issues of substantive law should not be decided by the procedural device of denying a motion to interpose an amended pleading designed to raise those issues. (Randall v Board of Higher Educ., 78 AD2d 516.) The court should not become involved in the merits or legal sufficiency of a proposed amended or supplemental pleading, unless the proposed pleading is insufficient on its face. (De Forte v Allstate Ins. Co., supra.)
Before the plaintiff may be granted leave to interpose the proposed amendment, the legal sufficiency of such amendment must be determined, thereby necessitating an examination of the pertinent provisions of the Insurance Law and the regulations promulgated thereunder.
Subdivision 1 of section 675 of the Insurance Law provides, in pertinent part, that payments of first-party benefits pursuant to the Comprehensive Automobile Insurance *525 Reparations Act (the No-Fault Law, Insurance Law, art XVIII) shall be made as the loss is incurred, and that such benefits are overdue if not paid within 30 days after the claimant supplies proof of the fact and amount of loss sustained. The subdivision further provides that if a valid claim is overdue, “the claimant shall * * * be entitled to recover his attorney’s reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, which shall be subject to limitations promulgated by the superintendent in regulations.” (Emphasis added.)
The Superintendent of Insurance promulgated 11 NYCRR 65.16 to implement the statutory mandate to provide limitations on attorney’s fees recoverable pursuant to subdivision 1 of section 675 of the Insurance Law. 11 NYCRR 65.16 (c) (8) provides a schedule for determining the amount of legal fees to which an attorney is entitled, and is intended to cover legal services rendered in court actions as well as in arbitration proceedings. (Massapequa Gen. Hosp. v Allstate Ins. Co., 118 Misc 2d 155; Deto Lab. v Allstate Ins. Co., 117 Misc 2d 1027; Scheiner v Empire Mut. Ins. Co., 122 Misc 2d 249; 11 NYCRR 65.16 [c][8].)
Upon review of 11 NYCRR 65.16 (c) (8), it can be seen that the amount of legal fees recoverable in an action for overdue or denied “no-fault” benefits is determined based upon the particular arbitration forum before which the claim for such benefits would be heard if it proceeded to arbitration. The jurisdiction of the various arbitration forums is set forth in 11 NYCRR 65.16 (c) (3), and is based upon the nature of the dispute involving the overdue or denied benefits. Briefly, “A.A.A. expedited arbitration” has jurisdiction over disputes concerning insurance coverage; “Health service arbitrations” have jurisdiction over disputes involving physician’s fees and whether treatment was excessive, unnecessary or related to the accident in question; “Insurance Department arbitration” has jurisdiction over disputes involving whether a claim was overdue at the time it was paid and whether the correct amounts of interest or attorney’s fees were paid; and finally, “A.A.A. arbitrations” have jurisdiction over all other matters. (11 NYCRR 65.16 [c] [3] [i]-[iv].)
*526 It is evident upon review of 11 NYCRR 65.16 (c) (8) that if a dispute concerns insurance coverage, and therefore is subject to American Arbitration Association (A.A.A.) expedited arbitration, the schedule calls for hourly fees for the claimant’s attorney of up to $55 per hour, subject to a maximum fee of $1,100 for preparatory services, and up to $70 per hour for each appearance before the court or arbitrator. If the dispute is subject to ordinary A.A.A. arbitration, the attorney is entitled to hourly fees of up to $35 per hour, subject to a maximum fee of $350 for preparatory services, and up to $60 per hour for each personal appearance. In such an instance, the fee may not exceed the amount of first-party benefits, plus interest, awarded to the claimant.
This contrasts with the schedule for attorney’s fees for disputes subject to Health Service arbitrations and Insurance Department arbitrations, where in the former the fee is limited to 20% of the amount of first-party benefits, plus interest, subject to a maximum of $700, and in the latter the fee is 20% of the interest awarded, subject to a maximum fee of $400. In all instances, the minimum fee to be awarded to an attorney is $50.
The parties to the instant action have provided no information as to the nature of the disputes concerning the nine overdue and denied claims for “no-fault” benefits. The court is therefore unable to determine the particular schedule of attorney’s fees applicable to each claim pursuant to 11 NYCRR 65.16. Since it is possible that some, if not all, of the nine claims could fall into the highest paying category with respect to attorney’s fees; namely, disputes subject to A.A.A. expedited arbitration in which the maximum fee recoverable is $1,100, it is conceivable, even assuming the correctness of defendant’s argument, that the plaintiff could be entitled under the regulations to recover the additional $3,400 in legal fees which it seeks to add to its complaint as a tenth cause of action and to its ad damnum clause.
Moreover, 11 NYCRR 65.16 (c) (8) (vii) provides that if the arbitrator or court determines that the issues in dispute “were of such a novel and/or unique nature as to require extraordinary skills or services,” the arbitrator or *527 court “may award an attorney’s fee in excess of the limitations set forth in this paragraph.” Inasmuch as this matter has yet to be decided by a court of appellate jurisdiction in this State, it would appear that this issue must still be considered novel and unique, and that the plaintiff could be entitled to recover fees in excess of the limitations set forth in the regulation.
As Abraham Lincoln once said, “A lawyer’s time is his stock in trade”.
Although the issue is not directly raised by the pleadings before the court, implicit in the consideration of this court must be the issue as to whether the afore-mentioned fee schedule is so unreasonable as to be unenforceable, insofar as it sets unequal compensation based upon a differentiation between the various arbitration forums, not the professional effort expended or the professional skills and talents utilized.
The Superintendent of Insurance is required by section 678 of the Insurance Law to consult with the chairman of the Workers’ Compensation Board and the Commissioner of Health before establishing fee schedules for the payment of health services. (11 NYCRR 65.16 [a] [4].) Upon such consultation, the superintendent has implemented the mandate of the “no-fault” legislation with respect to health service disputes based upon the recommendations of the insurance industry and the health professions. (11 NYCRR 65.16 [a] [5].) However, there is no indication that there has been any similar consultation with the providers of legal services, to wit, Bar associations or other professional legal groups. Clearly, the suppliers of medical services or insurance, which may have been consulted regarding the value of legal services provided in connection with securing payment of overdue or denied claims for “no-fault” benefits, might well be expected to have a conflict of interest or a jaundiced opinion of the legal professional in situations of this nature.
Section 21 of the Insurance Law authorizes the Superintendent of Insurance to prescribe official regulations effectuating any power, given to him under the provisions of the Insurance Law, and to interpret, classify and implement legislative policy. (Breen v Cunard Lines S.S. Co., 33 *528 NY2d 508.) Subdivision 1 of section 675 of the Insurance Law directs the superintendent to promulgate regulations providing limitations on the attorney’s fees recoverable for services necessarily performed in connection with securing payment of overdue “no-fault” claims, and the superintendent adopted 11 NYCRR 65.16 accordingly.
The function of a court reviewing an administrative regulation is limited, and the regulation must be upheld unless it is irrational or unreasonable. (State Farm Mut. Auto. Ins. Cos. v Brooks, 78 AD2d 456; Ostrer v Schenck, 41 NY2d 782.) In order to declare 11 NYCRR 65.16 unenforceable, the reviewing court must find there to be no rational basis for the substantial difference in attorney’s fees recoverable based solely upon the forum before which the controversy would be arbitrable.
In Deto Lab. v Allstate Ins. Co. (supra), the New York County Civil Court held 11 NYCRR 65.16 (c) (8) to be unenforceable insofar as it permits hourly fees for attorneys representing clients in disputes subject to arbitration before the American Arbitration Association, while denying same to attorneys appearing in proceedings arbitrable before the Health Service Arbitration (H.S.A.) panel. The differences in the types of matters to be arbitrated before the A.A.A. and the H.S.A. were not found to be such as to provide a rational basis for the substantial difference in the legal fees authorized.
While this court does not reach the issue of the enforceability of the afore-mentioned regulation, it nevertheless agrees with the conclusion reached by the court in Deto Lab. v Allstate Ins. Co. (supra) that the regulation, insofar as it attempts to set substantially uneven compensation for attorneys in disputes involving overdue “no-fault” benefits, is irrational and unreasonable and, consequently, unenforceable.
Considering the totality of the foregoing discussions, the plaintiff is granted leave to serve and file an amended complaint in the form annexed to its moving papers, and same will be deemed served on the defendant and filed as of the date of this order.