Hon. James P. Corcoran Superintendent of Insurance State of New York Insurance Department
This is in response to a request from your counsel for an opinion as to whether the practice whereby automobile leasing companies charge the lessee of an automobile a fee for the purchase of a collision damage waiver (CDW) constitutes doing an insurance business by the lessor under section 1101 of the Insurance Law. In a 1977 opinion, we concluded that the CDW did not constitute insurance (1977 Op Atty Gen 63). Pursuant to your request we have considered our conclusion in that earlier opinion and now decline to follow it. We believe in the present circumstances, CDW does constitute insurance.
The general practice in the automobile leasing industry is to charge the lessee a fee for something referred to as a "collision damage waiver". If purchased, the CDW relieves the lessee of any liability for damage to the automobile up to the amount of the deductible specified in the lessor's insurance policy. If not purchased, the lessee is liable to the lessor for the amount of the damage, up to the deductible amount.
The Superintendent of Insurance has broad power to regulate insurance in New York (Insurance Law, §§ 201, 301; Breen v Cunard Lines S.S. Co.,33 N.Y.2d 508, 511 [1974]). For purposes of licensing insurers, an insurance contract is defined under the Insurance Law in the following way:
 "`Insurance contract' means any agreement or other transaction whereby one party, the `insurer', is obligated to confer benefit of pecuniary value upon another party, the `insured' or `beneficiary'. dependent upon the happening of a fortuitous event in which the insured or beneficiary has, or is expected to have at the time of such happening, a material interest which will be advsersely affected by the happening of such event" (Insurance Law, § 1101[a][1]).
Parties that engage in the business of insurance as defined here must be licensed by the Insurance Department (id., § 1102).
The Attorney General's 1977 opinion was based on the observation that
 "the waiver of liability is not dependent upon the damaging of the car. Rather, the waiver of liability occurs at the moment of completing the agreement and continues to exist regardless of whether or not the automobile is damaged" (1977 Op Atty Gen 63, 64; emphasis in original).
Upon close analysis, however, this characteristic of the transaction is not unlike the obligation in a contract for collision damage insurance and is an integral component of the definition of insurance under section1101(a)(1) of the Insurance Law. Under that definition, the insurer agrees to be "obligated to confer benefit of pecuniary value" upon the insured. In a contract for collision damage insurance, there is a legal obligation to pay the cost of repairs for damages to the insured's car, in the event it is damaged. This obligation occurs at the moment the agreement is completed. Similarly, the lessor becomes obligated at the time of the CDW agreement to waive any right to recover from the lessee in the event of damage to the rented car. Like the obligation in the collision damage insurance contract, this is but one component of the statutory definition of insurance. In both instances, upon the occurrence of the "fortuitous event", i.e., damage to the vehicle, the insurer on the one hand and lessor on the other, is obligated to confer a benefit on the insured and lessee. The collision damage insurance and the CDW agreement protect the insured and the lessee, respectively, in relation to a fortuitous event in which they have "a material interest which will be adversely affected". Without collision damage insurance, the insured would have to pay the cost of repairs to the insured vehicle. Similarly, without the CDW agreement, the lessee would be liable to the lessor for damages to the leased vehicle. In both cases, in return for a premium, the insurer and the leasing company, respectively, are assuming the risk that the vehicle will be damaged. Both transactions are "insurance contract[s]" under the statutory definition.
Our earlier opinion was also based on a finding that
 "this type of agreement, involving a waiver of liability, does not pose the dangers that the Insurance Law was intended to meet, including inadequate coverage, excessive premiums and fiscal irresponsibility" (1977 Op Atty Gen 63, 64).
As your letter indicates, however, circumstances in the automobile leasing industry have changed since 1977. A major impetus for insurance regulation is to ensure the solvency of insurance companies, which in turn protects the interests of the general public. This consideration is not present in relation to the CDW. An equally compelling and widely recognized reason for insurance regulation is to protect the public against excessive premiums (Matter of Feinstein v Attorney General,36 N.Y.2d 199, 208 [1975]; 1977 Op Atty Gen 63; Keeton, Insurance Law, p 554). The figures cited in your letter with regard to the cost of CDW, as compared to analogous rates from insurance companies, support a strong argument in favor of the regulation of CDW which may not have been present at the time of our earlier opinion. In 1976, the typical cost of CDW was $2 per day (Kramer v Avis Car Leasing, Inc., infra, Record on Appeal, pp 109, 111-112). This was equivalent to 8 percent of the average daily standard rate (about $25) for the rental of a mid-sized automobile in New York City (Sales Market Management, February 21, 1978, p 127). Today, according to your letter, the CDW costs $8, approximately 13 percent of the average daily economy rate (about $62) for the rental of the same automobile (based on a telephone survey of rental costs in July, 1986).
In the course of preparing this opinion, we considered a memorandum of law submitted on behalf of the Ad-Hoc Committee on the Collision Damage Waiver Option, an organization whose membership includes the American Car Rental Association and several national car rental companies. The authorities and documents contained therein do not persuade us that the CDW is not insurance.*
An unreported 1983 New York County Supreme Court case, Kramer v Avis CarLeasing, Inc. (Sup Ct, N Y Co, dec 4/11/83), is included in the submission and warrants analysis. In a memorandum decision, Justice Martin Evans concluded that the CDW did not constitute insurance. This holding was affirmed by the Appellate Division (NYLJ, April 26, 1984, p 7, col 3). Justice Evans' opinion notes that "the waiver, by the lessor, of its rights to collect damages is merely incidental to the main contract . . . it is clearly not insurance". The decision also concluded that because the CDW "represents an entirely legal apportionment or shifting of that one risk to one of the parties to the rental agreement from the other, for a consideration, it is clearly not insurance". We disagree with this characterization of the CDW, but distinguish Kramer on other grounds. Although the CDW may have been "incidental to the main contract" three years ago when this opinion was written, according to counsel's letter, today the CDW can cost a consumer $8 per day. This constitutes a substantial portion of the entire rental agreement and in our opinion cannot be fairly characterised as "merely incidental to the main contract" as it was three years ago. In 1982, the typical cost of CDW was $5.50 per day (Kramer v Avis Car Leasing, Inc., supra, Record on Appeal, pp 109, 111-112). This was equivalent to 9% of the average standard daily rate (about $62) for the rental of a mid-sized automobile in New York City (Sales Market Management, February 21, 1983, p 112). In renting the same car today, the CDW is $8, equivalent to 13% of the daily rate of approximately $62 (based on a telephone survey of rental costs in July, 1986). For this reason, we conclude that Kramer, and SuperGlue Corp. v Avis Rent A Car Systems, Inc. (Sup Ct, Queens Co, dec 5/11/84) (which relied solely on Kramer to conclude that the CDW is not insurance) are not conclusive as to the issues presented in counsel's letter. We note that the Appellate Division affirmed Kramer, without opinion, making it impossible to determine which element of Justice Evans' decision the Court relied on in reaching its decision.
Finally, we address the contention that because the CDW is only an ancillary part of an agreement which is essentially a bailment, it cannot be considered insurance. It should be noted that in light of the figures cited in counsel's letter, the fee for the CDW constitutes a substantial part of the total cost of the rental. The economics of the situation, although not controlling, indicate that the CDW is not a minor or ancillary part of the overall rental agreement. But more significantly, we note that there is no compelling reason why the bailment nature of the rental agreement excludes the existence of an insurance contract. The rental agreement form provided by counsel also describes "Personal Accident Insurance" and "Personal Effects Coverage", in addition to the liability coverage provided by the lessor. The rental agreement recognizes that these coverages are insurance. For similar reasons, we do not see a basis for concluding that the rental agreement cannot include collision insurance protection.
We do not conclude today that all contracts which involve an allocation of risk are insurance contracts. We are satisfied, however, that agreements such as the one presented here are in the nature of insurance. The automobile lessor assumes the risk of the lessee, in return for a substantial fee. These fees are then pooled to pay directly or indirectly for the cost of the assumed risk — to repair the damage to the automobiles. This type of pooling of risk is essentially the same as that engaged in by insurance companies.
Accordingly, we conclude that the collision damage waiver clause found in automobile rental agreements is insurance for purposes of section 1101
of the Insurance Law.
* The first document included is a 1985 report of an advisory committee to the National Association of Insurance Commissioners. The report recognized that "research failed to reveal any judicial decision in [regard to the CDW]", and noted that the only major decision was the 1977 Attorney General's opinion that we are hereby reconsidering.
The next set of documents relates to an unreported 1984 California case,Truta v Avis Rent A Car System, Inc., (Super Ct, Cal, 12/10/84). The documents consist of several orders and affidavits of service. There is no decision, discussion, or analysis of any issue, much less the CDW. Next is a 1986 Colorado decision which explicitly leaves "for another day the question of whether a physical damage waiver such as that present in this case constitutes `insurance' within the meaning of Colorado Auto Accident Reparations Act".
The remainder of the documents are similarly unpersuasive. A 1973 opinion of the Florida Attorney General, involving a $2 per day CDW, which contains no significant discussion of the CDW as insurance, and a Florida 1984 order are also included. The order summarily reached the conclusion that the CDW is not insurance, and contains little analysis. A 1983 order of an Illinois Circuit Court concluding that the CDW is not insurance is also included. Neither the order nor the transcript of the bench decision that accompanies it contains any analysis of the issue discussed in this opinion.
A 1983 opinion of the Iowa Insurance Department concludes that under Iowa's definition of insurance, which requires a promise to pay "a certain or ascertainable sum of money", the CDW is not insurance. This definition of insurance differs significantly from New York's definition of insurance, which does not require a promise to pay money (Insurance Law, § 1101).
Decisions of the Insurance Departments of Louisiana and New Mexico, both from 1985, are included and both conclude that the CDW is insurance. The analysis of the New Mexico Insurance Department's opinion is analogous to the reasoning contained in the opinion we issue today.
The memorandum also refers to a 1956 opinion of the North Carolina Insurance Department; a 1975 decision of a Pennsylvania trial court; and a 1967 opinion of the Texas Insurance Commission. None of these decisions contain any persuasive analysis of the issues.