OPINION OF THE COURT
Thomas P. Flaherty, J.
These declaratory judgment actions arise out of a July 15, 1980 vehicular accident involving an automobile operated by Patricia Bonn Branicky and owned by John Branicky (Bran-icky) and two motorcycles. Joseph Boylin (Boylin), the owner and operator of one of the motorcycles, sustained personal injuries. David Tomaski (Tomaski), the owner and operator of the second motorcycle, died as a result of this accident. Patrick Stack (Stack), a passenger on the Tomaski motorcycle, also sustained personal injuries.
At issue is the extent of the insurance coverage available under a $50,000/$100,000 personal injury liability policy issued to Branicky by Allstate Insurance Company (Allstate). Boylin, Stack and Allstate each moves for summary judgment declaring the policy limits. Boylin and Stack maintain that there is a total of $150,000 worth of coverage available under the policy — $50,000 for the death of Tomaski and $100,000, $50,000 each, for the personal injuries sustained by Boylin and Stack. Allstate argues that the policy provides for a total of $100,000 coverage — $50,000 on the Tomaski death and a total of $50,000 for the Boylin and Stack injuries.
Prior to the accident in question and pursuant to Laws of 1979 (ch 665) increasing mandatory death benefits from $10,-000/$20,000 to $50,000/$100,000, Branicky was notified in January of 1980 of certain changes in the automobile insurance policy he maintained with Allstate. Previously, Bran-icky’s policy provided for $50,000/$100,000 for bodily injury liability. Such coverage for bodily injury liability remained $50,000/$100,000 after the changes. The Allstate notice to Branicky regarding the changes in his policy related to the new minimum required death benefits and provided in pertinent part that:
"The new minimum limits of liability now required for any covered automobile resulting in death are 50/100:
".$50,000 for one person in one accident, and ".$100,000 for two or more persons in one accident * * *
*551 "The new limits will apply to the following coverages only in the case of death resulting from a covered accident:
".Coverage AA (Bodily Injury Liability) * * *
"The limits of liability you presently carry will continue to apply for all other injuries resulting from a covered accident. Your premium has been adjusted to reflect this change in coverage.”
Allstate cites Matter of Allstate Ins. Co. v Libow (106 AD2d 110, affd 65 NY2d 807) and Allen v Haskins (120 Misc 2d 1073) which stand for the proposition that by increasing the mandatory coverage for accidents resulting in death the Legislature did not also intend to permit aggregation of claims for both personal injury and subsequent resulting death to the same individual. Noting that the increase in the death benefit was intended to compensate for inflation, those courts concluded that a single individual cannot "stack” a claim for injury onto a claim for that person’s subsequent death. Rather, a person who experienced injuries and subsequently died as a result of the occurrence was limited to recovery of the total amount of death benefits only. The aggregation sought by Boylin and Stack involves the claims of different parties and not those of one single individual. As such, Allen and Libow (supra) are distinguishable.
All movants cite the October 25, 1979 Circular Letter No. 28, 1979 of the State Superintendent of Insurance regarding the implementation of Laws of 1979 (ch 665). The Superintendent noted that the previously required minimum of $10,000 coverage for liability for death of one person was increased to $50,000 and the minimum coverage for death of more than one person in the same accident was increased from $20,000 to $100,000, with the minimum bodily injury liability limits where no death resulted continuing to be $10,000 for one person and $20,000 for more than one person in any single accident. The Superintendent added that: "The $50,000/100,000 liability minimum is distinct from the statutory $10,000/ 20,000 personal injury liability minimum, and the coverages will not be stacked.”
According to various illustrations offered by the Superintendent in this circular letter, it appears that he interpreted the statute to preclude "stacking” of coverage by one individual, but not with respect to the aggregation of injury and death claims by different individuals. The Superintendent’s fourth illustration under a policy with $10,000/$20,000 limits con *552 cerned two or more persons dying and two or more persons injured in a single accident. According to this illustration, the available coverage would total $120,000 — a maximum of $100,-000 for the two death cases and a maximum of $20,000 for the two personal injury cases. Likewise, in a hypothetical case with policy limits of $25,000/$50,000 where two or more died and two or more sustained personal injuries, the Superintendent took the position that a total of $150,000 would be available — a maximum of $100,000 for the two death cases and a maximum of $50,000 for the two personal injury cases. Applying this reasoning to the instant policy which has 50,000/$100,000 limits, there would be a maximum total coverage of $200,000 available in a case of two or more deaths and two or more personal injury cases — a maximum of $100,000 for the death cases and a maximum of $100,000 for the personal injury actions. Therefore, under the facts of the case at bar, there is available $50,000 for the Tomaski death and a total of $100,000 available for the personal injury claims of Boylin and Stack. To adopt Allstate’s position that the total available for the two personal injury claims is $50,000 under this $50,000/$100,000 policy would result in the anomalous result whereby there would be more coverage available under a $25,000/$50,000 policy, as envisioned in the Superintendent’s illustration above, than under the $50,000/$100,000 policy involved in the case at bench.
The Superintendent’s illustrations and the position taken by Boylin and Stack to the effect that the minimum coverages required for personal injury and death cases are separate and distinct find support in the statutory language enacted by chapter 665 and the regulations promulgated thereunder.
Vehicle and Traffic Law § 345 (b) (3) was amended by chapter 665 to increase the minimum coverage for death cases from $10,000 to $50,000 and $20,000 to $100,000 in cases of multiple deaths in the same accident. This section provides in pertinent part that an owner’s policy of liability insurance "[s]hall insure the insured or such other person * * * subject to a limit * * * of ten thousand dollars because of bodily injury to or fifty thousand because of death of one person in any one accident and, subject to said limit for one person, to a limit of twenty thousand dollars because of bodily injury to or one hundred thousand dollars because of death of two or more persons in any one accident”. (Emphasis added.) The use of the conjunction “or” is indicative of the intent that the categories of personal injury and death be treated separately *553 and distinctly, as did the courts in Allen and Libow (supra) (see also, Vehicle and Traffic Law § 311 [4] [a]; Insurance Law § 3420 [f] [1]).
It is well settled that the Superintendent of Insurance possesses broad power to interpret, clarify, and implement legislative policy via the promulgation of regulations (Insurance Law §§ 201, 301; Ostrer v Schenck, 41 NY2d 782, 785-786; Matter of Allstate Ins. Co. v Libow, supra, at 119). 11 NYCRR 60.1 (a) requires that an owner’s policy of liability insurance shall, exclusive of interest and costs, minimally provide "$10,000 because of bodily injury, sickness or disease of any one person who does not die as a result of any one accident and $50,000 because of bodily injury, sickness or disease of any one person who dies as the result of any one accident; and, subject to said limits for any one person, to limits of $20,000 because of bodily injury, sickness or disease of two or more persons who do not die as the result of any one accident and $100,000 because of bodily injury, sickness or disease of two or more persons who die as the result of any one accident”. (Emphasis added.) This regulation clearly provides for separate and distinct categories of minimum coverages, namely, personal injury not resulting in death and cases involving death. It does not indicate that by using up a portion or all of one category that the available coverage in the other category is in any respect diminished.*
Likewise, the notice sent to Branicky advising him of an increase in the minimum limits required for death cases did not indicate that the use of any coverage available under the death category would in any way impinge on the amount of coverage available under the terms of his policy with respect to personal injury claims. Indeed, as indicated above, the notice specifically provided that the limits he carried prior to the changes continued to apply "for all other injuries resulting from a covered accident”.
Allstate’s reliance on Harleysville Mut. Ins. Co. v Boerst (115 Misc 2d 1006, affd 101 AD2d 686) is misplaced. The defendant therein, a resident of Pennsylvania, had a $75,000 single policy limit. The case arose out of an accident resulting in the death of one individual and personal injuries to four other individuals. Special Term found this Pennsylvania policy within the New York State mínimums, declaring that *554 $50,000 was to be set aside for the death action, $20,000 to be available for the four personal injury suits, and $5,000 to be set aside for property damage claims. As such, the court recognized and gave validity to the separateness of the death and personal injury categories. Special Term added that while the policy provided adequate coverage under the New York limits, if such were not the case the court would intervene to read the policy as meeting those limits.
Accordingly, the court hereby declares that under the policy issued to Branicky by Allstate there is $50,000 available for the Tomaski death action and $100,000 available for the Boylin and Stack personal injury claims, for a total available coverage of $150,000.

 11 NYCRR 60.1 (a) construes Vehicle and Traffic Law § 311 (4) (a) which contains language equivalent to Vehicle and Traffic Law § 345 (b) (3).